DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **YOUTH WITH A MISSION,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 2019-0046<br>) |
| **THOSE CERTAIN UNDERWRITERS AT LLOYDS OF LONDON SUBSCRIBING TO POLICY NO: B0879C000961700; and JOHN DOES 1-50,** | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**Attorneys:**
**Richard P. Bourne-Vanneck, Esq.,**
St. Thomas, U.S.V.I.
**Javier Delgado, Esq.,**
West Palm Beach, FL
    *For Plaintiff*

**Sharmane Davis-Brathwaite, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendants Those Certain Underwriters at Lloyds of London*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

    THIS MATTER comes before the Court on the "Motion to Dismiss for Insufficient Service of Process" (Dkt. No. 7) ("Motion to Dismiss") filed by Defendants Certain Underwriters at Lloyd's, London Subscribing to Policy No. CPCJC1799 ("Defendants").[1] Plaintiff filed a "Response to Defendant's Motion to Dismiss" ("Response") (Dkt. No. 8), and Defendants filed a

---

[1] Defendants state that Plaintiff has incorrectly named them in this action using the Certificate/Authority Ref. No., not the policy number associated with the disputed insurance policy. (Dkt. No. 7 at 1 n.1). The Court refers to Defendants here in the manner in which they have styled themselves.

"Reply In Support of Motion to Dismiss for Insufficient Service of Process" ("Reply") (Dkt. No. 9). For the following reasons, the Court will deny Defendants' Motion to Dismiss.

## I. BACKGROUND

Plaintiff Youth with a Mission ("Plaintiff") filed the Complaint in the instant action on September 19, 2019 alleging that Defendants are liable for breach of contract, bad faith, and breach of the duty of good faith and fair dealing in failing to fulfill their obligations under Plaintiff's insurance policy in the wake of Hurricane Maria. (Dkt. No. 1). Defendants filed the instant Motion to Dismiss, moving pursuant to Fed. R. Civ. P. 4(c) and (m) to dismiss the case for insufficient service of process. (Dkt. No. 7 at 1). Defendants assert that service was untimely in view of the fact that the Complaint was filed on September 19, 2019, but they were not served with process until January 3, 2020. *Id.*

In support of its Response, Plaintiff submitted an affidavit from its counsel explaining the reason for the delay in serving Defendants. Plaintiff's counsel states that at the same time this case was filed, Plaintiff's counsel filed several similar lawsuits in the Superior Court of the Virgin Islands. (Dkt. No. 8-2 at ¶¶ 4-5). According to counsel, "the service of process deadline [for the instant case] was mistakenly scheduled to take place within (120) days pursuant to the Superior Court Rules instead of (90) days as required [under the Federal Rules]." *Id.* at ¶ 6. Upon discovering the error, counsel "[i]mmediately" served Defendants. *Id.* at ¶ 7.

## II. APPLICABLE LEGAL PRINCIPLES

Federal Rule of Civil Procedure 12(b)(5) permits a district court to dismiss an action for insufficient service of process. The party responsible for service bears the burden of proving that service of process was proper. *See Sims v. City of Phila*, 552 Fed. App'x 175, 177 (3d Cir. 2014) (quoting *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)).

Service must be completed within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Rule 4(m) further states that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

A court must, therefore, first determine whether good cause exists necessitating the extension of time to complete service. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecomms. Corp. v. Teleconcepts Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).

A court is also authorized, in the absence of good cause, to exercise its discretion to extend the time for service. *Petrucelli*, 46 F.3d at 1305. In exercising this discretion, a court may look to several factors, including: (1) actual notice of the legal action; (2) prejudice to the defendant; (3) the statute of limitations on the underlying cause of action; (4) the conduct of the defendant; (5) whether the plaintiff is represented by counsel; and (6) any other additional factors that may be relevant. *See Chiang v. United States SBA*, 331 F. App'x 113, 116 (3d Cir. 2009). These factors are considered "in light of the Third Circuit's 'preference that cases be disposed on the merits whenever practicable.'" *Anderson v. Mercer County Sheriff's Dep't*, No. 11-cv-7620 (JAP), 2014 U.S. Dist. LEXIS 71776, at *13 (D.N.J. May 27, 2014) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

### III.   DISCUSSION

The Complaint was filed on September 19, 2019, but Defendants were not served until January 3, 2020. (Dkt. Nos. 7 at 1; 7-1; 8 at 3). The parties agree that the original deadline for

service was December 18, 2019, and therefore, Plaintiff's service on Defendants was untimely. (Dkt. Nos. 7 at 2; 8 at 3).

First, the Court must determine whether Plaintiff has demonstrated good cause to excuse its failure to timely serve Defendants. *See Petrucelli*, 46 F.3d at 1305. Courts consider three factors in determining good cause: (1) the reasonableness of the plaintiff's efforts to effect service; (2) prejudice to the defendant because of untimely service; (3) whether the plaintiff has moved for an enlargement of time. *See MCI Telecomms. Corp.*, 71 F.3d at 1097-98 (citing *United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988)).

Starting with the second factor, the Court does not find that Defendants will suffer prejudice caused by the delay of 16 days. "[P]rejudice 'involves impairment of defendant's ability to defend on the merits, rather than foregoing such a procedural or technical advantage.'" *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997) (quoting *National Union Fire Ins. Co. v. Barney Assoc.*, 130 F.R.D. 291, 294 (S.D.N.Y. 1990)). Defendants have not identified anything suggesting that the short delay has, for example, damaged Defendant's ability to collect evidence or call witnesses. *See id.* (collecting cases).

However, "absence of prejudice alone can never constitute good cause to excuse late service. . . . [W]hile the prejudice may tip the 'good cause' scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *MCI Telecomms. Corp.*, 71 F.3d at 1097. According to Plaintiff, the reason for delay was that "the service of process deadline was mistakenly scheduled to take place within (120) days pursuant to the Superior Court Rules instead of (90) days as required [under the Federal Rules]." (Dkt. No. 8-2 at ¶ 6). At the same time this case was filed, Plaintiff's counsel filed several similar lawsuits in the Superior Court of the Virgin Islands, where the deadline to serve is 120 days, causing Plaintiff's counsel to

4

"accidently calendar this lawsuit" along with his other cases on the 120-day schedule. (Dkt. Nos. 8 at 5; 8-2 at ¶¶ 5-6). The reason for non-compliance here is a mistake by counsel in calendaring the deadline for service, but delay due to "inadvertence of counsel . . . need not be excused." *Petrucelli*, 46 F.3d at 1307 (citing *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir. 1987), *cert. denied*, 484 U.S. 965 (1987)). Accordingly, the Court finds Plaintiff has not shown good cause under Rule 4(m).

Finding that there is no good cause which would excuse Plaintiff's untimely service, the Court will next address whether it will exercise its discretion to excuse the late service. *See Petrucelli*, 46 F.3d at 1305.

Plaintiff notes that a two-year limitations period applies under the terms of the insurance contract governing this dispute. (Dkt. Nos. 8 at 4-5; 8-1; 8-2 at ¶ 4). According to the excerpt of the insurance policy provided by Plaintiff, the limitations period begins running from "the date on which the direct physical loss or damage occurred." (Dkt. Nos. 8-1; 8 at 4). Plaintiff suffered damage to its property from Hurricane Maria on September 19, 2017 and Plaintiff filed this action on September 19, 2019. (Dkt. No. 8 at 4-5). Therefore, it appears that the statute of limitations would prevent Plaintiff from refiling its case.[2]

The viability of a statute of limitations defense to a re-filed lawsuit weighs heavily in favor of excusing Plaintiff's late service of process. *See Boley*, 123 F.3d at 759 ("[T]he running of the statute of limitations is a factor supporting the discretionary *granting* of an extension of time to

---

[2] Defendants argue that the statute of limitations should not serve as a basis for the Court's exercise of discretion to excuse the untimely service because "Plaintiff has not provided sufficient evidence that it will be barred from recovering any insurance benefits," citing to possibilities of relief via arbitration or appraisal. (Dkt. No. 9 at 2). Noticeably, Defendants do not challenge the assertion that another lawsuit would be barred, nor do they assert that arbitration or appraisal are viable alternatives to a lawsuit.

make service under Rule 4(m)."); Fed. R. Civ. P. 4(m) notes of advisory committee on 1993 amendments ("Relief may be justified . . . if the applicable statute of limitations would bar the refiled action."). This is especially so given that there is nothing to suggest—and Defendants make no argument—that the short delay in perfecting service prejudiced Defendants in any way. Accordingly, under the circumstances, the Court will exercise its discretion to excuse Plaintiff's untimely service of process on Defendants.

### IV    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be denied.

An appropriate Order accompanies this Memorandum Opinion.

Date: November 13, 2020 _____/s/_____
WILMA A. LEWIS
Chief Judge